IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 CR 92

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CEDRIC MAURICE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** came before the undersigned pursuant to a Motion to Modify Conditions of Confinement (#30) filed by counsel for Defendant. The undersigned entered an Order (#32) directing Defendant to provide a brief setting forth any statute, rule, regulation or case law that supported Defendant's motion. In response to the Order, Defendant filed a Brief (#33) on April 5, 2017 and in that Brief sought the release of Defendant pursuant to 18 U.S.C. § 3142(c) so Defendant could attend an inpatient drug treatment program at the Swain Recovery Center. The Government responded to Defendant's Motion (#34) and objected to the release of Defendant.

At the call of this matter on for hearing on April 17, 2017, it appeared that Defendant was present with his counsel, Matthew Holloway and Government was present through AUSA Tom Kent. From the arguments of counsel for Defendant and arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings.

1

**Findings.** In a bill of indictment (#1) filed on August 2, 2016, Defendant was charged with five counts with knowingly and intentionally possessing with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) In count six, Defendant was charged with possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and in count seven, that being in possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On August 24, 2016, the undersigned conducted an arraignment hearing and a detention hearing for Defendant and entered an Order (#7) and (#11) detaining Defendant. On November 28, 2016, Defendant entered a plea of guilty to count three of the bill of indictment, that being the crime of possession with intent to distribute crack cocaine and count seven, that being the crime of being in possession of a firearm after having been a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Defendant now seeks release from detention pending sentencing so he can attend an inpatient drug treatment program and bases his request upon 18 U.S.C. § 3145(c). That statute provides as follows:

> **(c) Appeal from a release or detention order.**---
>
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be

ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In defining what constitutes exceptional reasons, the undersigned has applied United States v. Goforth, 546 F.3d 712 (4th Cir. 2008) and United States v.Vilaiphone, 2009 WL 412958 (Fed. 19, 2009 W.D.N.C.) (Reidinger, J., applying Goforth and finding no exceptional circumstance). In Vilaiphone, Judge Reidinger found as follows:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons"

3

under § 3145(c). See <u>United States v. Garcia</u>, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); <u>United States v. Mahabir</u>, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

The Court notes that Defendant is now subject to mandatory detention as provided by 18 U.S.C. § 3143(a)(2) which provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Defendant has entered a plea of guilty to an offense as described in subparagraph (A) of section 3142(f)(1) and the undersigned cannot find there is a substantial likelihood for acquittal or new trial be granted or that an attorney for the Government has recommended no sentence of imprisonment be imposed on the person.

In support of Defendant's motion, the Defendant presented the testimony of Joe Mackey, Substance Abuse Manager at the Buncombe County Detention Center.

Mr. Mackey testified that, in his opinion, Defendant would benefit from an inpatient treatment program and he further testified that he had made arrangements for Defendant to be admitted into a forty-two day inpatient treatment program at the Swain Recovery Center.

Defendant further presented evidence through Kevin Todd, Intake Coordinator at the Swain Recovery Center. In his testimony, Mr. Todd described the forty-two day inpatient treatment program and the security measures that are applied to participants in the program. Mr. Todd testified that employees of the recovery center watched the patients on a seven day a week, twenty-four hour basis. But, on the other hand, the employees cannot prevent a patient from leaving the program. He further testified that patients are taken from the Swain Recovery Center and are allowed to work on community benefit projects in the community.

In addition to the evidence presented, the undersigned reviewed the record in this matter and particularly the Addendum to Detention Order (#11) entered by this Court on August 30, 2016. That document shows that the Defendant's criminal record is extensive. Defendant has 32 misdemeanor convictions and six felony convictions, all of which involve the manufacture, sell and delivery of a controlled substance. Defendant has further failed to appear on four occasions. The record in the matter further shows that the final Presentence Report was filed in this matter on February 22, 2017 (#28) and it was represented to the undersigned, during the

hearing of Defendant's motion, that sentencing for Defendant would be scheduled during the month of May 2017.

After considering all of the evidence presented by Defendant and the Government, the undersigned does not find that Defendant's request that he be allowed to attend an inpatient drug treatment program rises to the level of "exceptional reasons". The undersigned has, on many occasions prior to the enter of a plea, allowed defendants to be released on terms and conditions of pretrial release to attend a drug treatment program. This Court has not allowed persons who have entered a plea of guilty and are subject to the mandatory provisions of 18 U.S.C. § 3143(a)(2) to be released to attend drug treatment programs. The desire of Defendant to attend an inpatient drug treatment program is not a situation which is "clearly out of the ordinary, uncommon, or rare." Additionally, the undersigned must weigh as a factor in favor of denying Defendant's motion that fact that Defendant is going to be sentenced in the month of May. If the motion was allowed and Defendant was to participate in the inpatient drug treatment program, sentencing would have to be delayed or else the Defendant's attendance at the program would be rendered ineffectual. For those reasons, the undersigned has determined to enter an Order denying the motion.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Motion to Modify Conditions of

Confinement (#30) is **DENIED.**

Signed: April 21, 2017

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge